■ In the Matter of WILBUR TAYLOR, Appellant, v. JAMES L. TIPPETT, Respondent.— Order unanimously reversed, without costs, and respondent directed to furnish appellant with transcript of preliminary hearing. Memorandum: Appellant, an indigent inmate of a State Prison, brought this proceeding to compel respondent, a Justice of the Peace, to furnish him with a transcript of proceedings of a hearing upon which appellant was held to await Grand Jury action upon a felony charge of which he was subsequently indicted and convicted. Section 206 of the Code of Criminal Procedure provides that if a defendant be held to answer a charge at such a hearing he is entitled upon payment of a stated fee to be furnished with certain described papers. If appellant were capable of paying for these documents he would have, as the prosecution concedes, an unquestioned right thereto. "When the state constitutionally or statutorily affords a defendant a right, the exercise thereof cannot be conditioned upon the defendant's ability to pay [citing cases]." (*People* v. *Montgomery*, 18 N Y 2d 993.) In the absence of an answer from respondent the direction contained in the order to be entered herein is based upon the assumption that the papers are in existence and in the possession of the Magistrate. (Appeal from order of Erie Supreme Court, denying, without a hearing, application for an order to show cause directing respondent to furnish petitioner with transcript of a preliminary hearing.) Present—Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.

■ In the Matter of JOHN MORGAN, an Attorney.— Order entered suspending respondent until further order of this court. Memorandum: By respondent's own statements and admissions, it appears that his physical and mental condition has been, and is such as to render him incapable of adequately discharging his duties as an attorney, and he should therefore be suspended from the practice of law with leave to apply to terminate the suspension upon a satisfactory showing of recovery from his present admitted incapacity. All concur. Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.

■ ELEANOR K. McAVOY, as Executrix of ARTHUR T. McAVOY, Deceased, Appellant, v. HAL I. HARROW, Respondent.— Motion granted and additional allowance of $1,000 made. (See 8 Weinstein-Korn-Miller, par. 8303.05; *Kaumagraph Co.* v. *Stampagraph Co.*, 235 N. Y. 1.)

■ EARL E. WILCOX, Respondent, v. RALPH WILCOX, Appellant.— Motion granted, judgment and order reversed and a new trial granted. (See *Matter of Cronk*, 19 A D 2d 795; *Waterman* v. *State of New York*, 13 A D 2d 619; *Cassella* v. *Manikas*, 8 A D 2d 587.)